1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NGUYEN LUC VAN,                         No.  2:20-cv-0502 JAM KJN P

12                  Plaintiff,

13          v.                               ORDER

14   GIVENS, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner, proceeding pro se and in forma pauperis.  Plaintiff seeks relief

18   pursuant to 42 U.S.C. § 1983.  On March 16, 2020, plaintiff was granted leave to amend.

19   Following an extension of time, plaintiff filed an amended complaint.  Subsequently, plaintiff

20   filed a second amended complaint.  As discussed below, plaintiff's second amended complaint is

21   dismissed with leave to amend.

22   I.  Screening Standards

23          The court is required to screen complaints brought by prisoners seeking relief against a

24   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

27   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

28   ////

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act

To state a claim under § 1983, a plaintiff must allege:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d

2

930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  In sum, plaintiff must identify the particular person or persons who violated his rights, and set forth specific factual allegations as to how such person violated plaintiff's rights.

II. Plaintiff's Allegations

Plaintiff's second amended complaint again includes unrelated claims, all based on incidents that took place at California Medical Facility ("CMF"), against Correctional Officer Givens, inmate Clifton Freeman, Warden Jared Lazono, and Dr. Beck.  Plaintiff has since been transferred to the California Health Care Facility.

In his first claim, marked "excessive force," plaintiff alleges that on June 18, 2019, defendant Givens refused to let plaintiff seal his confidential legal mail to the Central Intelligence Agency ("CIA").  Plaintiff alleges that he has not received a response from the CIA.  Plaintiff claims he sustained "bad hurt" to his "brain left side," and his "left eye hurt[s]."  (ECF No. 15 at 3.)

Plaintiff's second claim is not clear.  Plaintiff marked "retaliation," and claims that defendant Givens and Correctional Officer Reece did not respond to plaintiff's request to move out of the lower bunk because plaintiff got in trouble on August 2, 2019.  Plaintiff then alleges that Givens and Reece put inmate Freeman in plaintiff's cell.  Plaintiff claims Freeman tried to harm plaintiff, and Freeman "had order from C/O in prison CMF came into upper bunk 134 for easy murder."  (ECF No. 15 at 4.)  Plaintiff sustained trauma to both sides of his head, and "bad hurt" to his "brain left side," and his "left eye hurt[s]."  (ECF No. 15 at 4.)

In his third claim, plaintiff marked "threat to safety."  (ECF No. 15 at 5.)  After his release from the hospital, plaintiff refused to return to D Dorm because it would be "easy for them to kill" him, so he was put inside the "Willis," or Segregated Housing Unit ("SHU").  Plaintiff

3

1    served a 90-day SHU term following a hearing by Warden Lazono.  At the second committee,

2    plaintiff did not see the warden.  Plaintiff alleges that the warden "lack [sic] duty with inmate.

3    Got trouble very dangerous.  By someone try murder I am [sic]."  (ECF No. 15 at 5.)  Plaintiff

4    sustained "bad hurt" to his "brain left side," and his "left eye hurt[s]."  (ECF No. 15 at 5.)

5    III.  Discussion

6          A.  First Claim

7          Plaintiff's allegations do not state a cognizable civil rights claim.  A correctional officer's

8    refusal to seal an envelope, on one occasion, does not rise to the level of a constitutional

9    violation.  In addition, although plaintiff marked "excessive force," there are no factual

10   allegations demonstrating that defendant Givens used force against plaintiff on November 4,

11   2018.[1]  Plaintiff does not connect defendant Givens' actions in refusing to seal the envelope to

12   any of the remaining allegations in his pleading, or to the physical injuries alleged.  In other

13   words, plaintiff fails to explain how Givens' alleged refusal to seal the envelope caused plaintiff

14   to suffer injuries to his head.

15         B.  Second Claim

16         Plaintiff's second claim does not allege sufficient facts to support a claim for retaliation.

17         "Prisoners have a First Amendment right to file grievances against prison officials and to

18   be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012)

19   (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the

20   prison context has five elements:  "(1) An assertion that a state actor took some adverse action

21   against an inmate (2) because of (3) that prisoner's protected conduct, and that such action

22   (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not

23   reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68

24   (9th Cir. 2005).

25         The second element of a prisoner retaliation claim focuses on causation and motive.  See

26   Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009).  A plaintiff must show that his protected

27
     _____

28   [1]  Plaintiff was previously provided the elements required to state a claim based on the use of
     excessive force.  (ECF No. 4 at 7-8.)

                                                  4

1  conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting

2  Sorrano's Gasco. Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)).  Although it can be

3  difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial

4  evidence.  Bruce v. Ylst, 351 F.3d 1283, 1288-89 (9th Cir. 2003) (finding that a prisoner

5  establishes a triable issue of fact regarding prison officials' retaliatory motives by raising issues

6  of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir.

7  1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as

8  circumstantial evidence of retaliatory intent").

9       The third prong can be satisfied by various activities.  Filing a grievance is a protected

10  action under the First Amendment.  Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.

11  1989).  Similarly, pursuing civil rights litigation is protected under the First Amendment.  Rizzo

12  v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

13       With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape

14  liability for a First Amendment violation merely because an unusually determined plaintiff

15  persists in his protected activity. . . ." Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283,

16  1300 (9th Cir. 1999).  The correct inquiry is to determine whether an official's acts would chill or

17  silence a person of ordinary firmness from future First Amendment activities.  Rhodes, 408 F.3d

18  at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).

19       With respect to the fifth prong, a prisoner must affirmatively show that "the prison

20  authorities' retaliatory action did not advance legitimate goals of the correctional institution or

21  was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532.

22       Here, plaintiff has failed to address each element required under Rhodes.  Importantly, he

23  failed to allege facts addressing causation and motive, required under the second prong, and did

24  not identify his protected conduct (third prong) he claims caused an adverse action.  It is unclear

25  whether plaintiff can state a claim for retaliation; he must identify conduct protected under the

26  Constitution that allegedly caused a particular defendant to take an adverse action against

27  plaintiff.

28  ////

5

On the other hand, plaintiff may be attempting to claim that a particular correctional officer failed to protect plaintiff from the harm inflicted by inmate Freeman. As plaintiff was previously informed, in order to state a claim based on a defendant's alleged failure to protect the plaintiff, the following standards apply. The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of prisoners. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have an affirmative duty to protect inmates from violence at the hands of other inmates. See id. at 833. To establish a violation of a prison official's duty to take reasonable steps to protect inmates from physical abuse, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. Farmer, 511 U.S. at 834. "Mere negligence is not sufficient to establish liability." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Rather, a plaintiff must set forth facts to show that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. To prove knowledge of the risk, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842. Plaintiff has not alleged facts demonstrating such an Eighth Amendment violation.

Either way, plaintiff's allegation that inmate Freeman had an order from an unidentified correctional officer at CMF to harm plaintiff is insufficient, without more, to demonstrate a constitutional violation. Indeed, plaintiff wholly failed to include any facts as to how he sustained the injuries he claims he suffered. Plaintiff refers to August 22, 2019, but it is unclear if that is the date he alleges inmate Freeman harmed plaintiff.

Finally, as plaintiff was previously advised, he cannot state a civil rights claim against another inmate because inmates do not act under color of state law. 42 U.S.C. § 1983. In another appended affidavit, plaintiff claims he is seeking justice for Freeman's attempt to murder plaintiff, and plaintiff objects that the court is "making artificial proof for Clifton Freeman." (ECF No. 15 at 13; see also ECF No. 9.) But plaintiff is mistaken. This court is not taking sides or ratifying or supporting inmate Freeman's alleged wrongful behavior. Rather, this court is

required to apply the statute as written by Congress.  Under the Civil Rights Act, plaintiff cannot state a cognizable civil rights claim against inmate Freeman because Freeman was not acting under color of state law.  Rather, Freeman was a prison inmate, not a correctional officer or other prison staff member.  Plaintiff cannot amend his pleading to state a claim against an individual who is not acting under color of state law.  Therefore, plaintiff should not name inmate Freeman as a defendant in any amended pleading.

C.  Claim Three

Plaintiff's third claim, marked "threat to safety," involves incidents that took place after he returned from the hospital on August 23, 2019.  But plaintiff's allegations as to the warden are also insufficient to state a cognizable failure to protect claim.  Simply holding a committee hearing or placing plaintiff in the SHU, without more, does not demonstrate that plaintiff's constitutional rights were violated.  Plaintiff raises no facts suggesting a due process violation during the hearing.  Similarly, the warden's failure to appear at plaintiff's subsequent committee hearing, standing alone, is insufficient to state a civil rights claim.  It is unclear whether plaintiff can amend his pleading to state a cognizable civil rights claim against defendant Lozano, but in an abundance of caution, plaintiff is granted leave to amend.  Plaintiff is reminded that he cannot state a cognizable claim against the warden based solely on his supervisory role as warden.

D.  Insufficient Charging Allegations:  Dr. Beck

Plaintiff has again named Dr. Beck as a defendant.  However, plaintiff includes no charging allegations as to Dr. Beck in any of plaintiff's three causes of action.  Rather, in the relief section of his pleading, plaintiff alleges that Dr. Beck helped cover up an unidentified "CMF felony," and mentions what an unidentified Captain said at the November 4, 2019 committee.[2]  (ECF No. 15 at 8.)  Such statement is unclear because it does not track plaintiff's

---

[2]  A "complaint alleging that an officer filed a false report, by itself, fails to state a claim upon which relief can be granted."  Koch v. Austin, 2006 WL 403818, at *5 (E.D. Cal. Feb. 16, 2006), adopted, 2006 WL 842585 (Mar. 28, 2006).  A cognizable claim is stated only if there is evidence that the false report was retaliatory, or the inmate is not afforded procedural due process in the hearing on the disciplinary charge.  See Pratt v. Rowland, 769 F. Supp. 1128, 1134 (N.D. Cal. 1991) (filing false report states a claim only if retaliatory); Freeman v. Rideout, 808 F.2d 949, 953 (2d Cir. 1986) (guards' "filing of unfounded charges did not give rise to a per se

allegations in his three claims for relief.  Moreover, if plaintiff is attempting to claim Dr. Beck

falsified a report to cover up an alleged falsified rules violation report, preparing a false report

about an incident after it occurred cannot subject that individual to liability for the underlying

incident.  See Villegas v. Schulteis, 2009 WL 3157519, at *6 (E.D. Cal. Sept. 28, 2009) ("While

Walker's actions in submitting a false report and covering up the incident to protect his fellow

correctional officers are wrongful, they do not rise to the level of an Eighth Amendment violation.

Walker is only liable for his actions or inactions that could be said to have caused the attack to

happen. Walker's actions in filing a false report cannot be said to have caused the attack to

happen because by then the attack had already occurred."); see also Poe v. Huckaby, 2010 WL

1663141, at *6 (E.D. Cal. April 22, 2010) (dismissing without leave to amend claim that

correctional officers violated the Eighth Amendment by filing a false report regarding an

excessive force incident, because the "filing of the false reports occurred after the attacks" and

therefore, the "false reports cannot be said to have caused or contributed to the unconstitutional

use of excessive force").  In addition, an allegation that a defendant participated in a cover up

states a Section 1983 claim only if the cover up deprives the plaintiff of his right of access to

courts by causing him to fail to obtain redress for the constitutional violation that was the subject

of the cover up.  See Karim–Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 625 (9th Cir.

1988); Rose v. City of Los Angeles, 814 F.Supp. 878, 880-81 (C.D. Cal. 1993).

In another appended affidavit, plaintiff alleges that on November 20, 2019, he went to

committee, where he was told that the investigation was done, and they were waiting for the

district attorney.  (ECF No. 15 at 10.)  After plaintiff proclaimed his innocence, and stated he was

the victim, the committee called Dr. Beck, a licensed psychologist, who told plaintiff the only

---

constitutional violation actionable under section 1983"); Sprouse v. Babcock, 870 F.2d 450, 452
(9th Cir. 1989) (claim based on falsity of charges, standing alone, did not state a constitutional
claim) and Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984) (guards' fabrication of
evidence does not state a claim if procedural protections are provided during disciplinary
hearing).  Here, plaintiff does not allege that he was deprived of procedural due process at a
disciplinary hearing or that defendants filed a false report against plaintiff in retaliation for his
exercise of a protected right, and no such inference can be drawn.

1   place they had for plaintiff was EOP.[3]  Plaintiff asked Dr. Beck for more time to talk to the

2   committee, but Dr. Beck refused and put plaintiff in EOP.  Plaintiff states that Dr. Beck tried to

3   harm plaintiff because Dr. Beck "cover[ed] for prison CMF felony."  (ECF No. 15 at 10.)

4   However, such allegations do not demonstrate that Dr. Beck covered up a felony, and fail to state

5   a cognizable civil rights claim.  Dr. Beck's actions in placing plaintiff in EOP, standing alone, do

6   not support an Eighth Amendment violation.

7          E.  Exhibits to Pleading

8          Plaintiff appends various affidavits to the pleading, as well as other exhibits.  Plaintiff is

9   advised that he must include his specific factual allegations supporting his causes of action in the

10  complaint.  The complaint must clearly set forth what facts he alleges support the alleged

11  constitutional violations against each named defendant.  The court and the defendants are not

12  required to scour the documents appended to the complaint in an effort to discern what plaintiff is

13  alleging.  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and

14  directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting

15  point of a simplified pleading system, which was adopted to focus litigation on the merits of a

16  claim."); Fed. R. Civ. P. 8.  The court (and defendant) should be able to read and understand

17  plaintiff's pleading within minutes.  McHenry v. Renne, 84 F.3d 1172, 1177, 1180 (9th Cir. 1996)

18  (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning);

19         F.  Improper Joinder

20         As currently pled, plaintiff's second amended complaint again asserts claims that are not

21  properly joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and

22  defendants.  For example, based on the facts alleged in the second amended complaint, plaintiff's

23  claim that defendant Givens refused to seal an envelope on June 18, 2019, is wholly unrelated to

24  what took place at the committee on November 20, 2019.  Rule 20(a) provides that all persons

25

26  [3] "CDCR's Mental Health Services Delivery System Program Guide provides four levels of
    mental health care services:  Correctional Clinical Case Management System (CCCMS);
27  Enhanced Outpatient (EOP); Mental Health Crisis Bed (MHCB) and inpatient hospital care . . . ."
    Coleman v. Brown, No. CIV. S-90-520 LKK, 2013 WL 6491529, at *1 (E.D. Cal. Dec. 10,
28  2013).

1   may be joined in one action as defendants if "any right to relief is asserted against them jointly,

2   severally, or in the alternative with respect to or arising out of the same transaction, occurrence,

3   or series of transactions or occurrences" and "any question of law or fact common to all

4   defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  See also George v. Smith, 507 F.3d

5   605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different

6   suits").  If unrelated claims are improperly joined, the court may dismiss them without prejudice.

7   Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Federal

8   Practice and Procedure § 1684 (3d ed. 2012); Michaels Building Co. v. Ameritrust Co., 848 F.2d

9   674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of certain defendants where claims

10  against those defendants did not arise out of the same transaction or occurrences, as required by

11  Rule 20(a)).  Unless plaintiff can allege facts demonstrating his claims arose from the same

12  incident, unrelated claims must be brought in separate actions.

13  IV.  Leave to Amend

14          The court finds the allegations in plaintiff's second amended complaint so vague and

15  conclusory that it is unable to determine whether the current action is frivolous or fails to state a

16  claim for relief.  The court has determined that the pleading does not contain a short and plain

17  statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

18  pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

19  succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must

20  allege with at least some degree of particularity overt acts which defendants engaged in that

21  support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

22  R. Civ. P. 8(a)(2), the second amended complaint must be dismissed.  The court, however, grants

23  leave to file a third amended complaint.  Plaintiff has had two opportunities to state cognizable

24  civil rights claims, and is cautioned that if his third amended complaint fails to remedy the

25  deficiencies identified above, this action will likely be dismissed.  Fed. R. Civ. P. 41(b).

26          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

27  about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g.,

28  West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the third amended complaint must allege in

specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371

(1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371;

May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory

allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of

Regents, 673 F.2d 266, 268 (9th Cir. 1982).

     Plaintiff may only pursue related claims against related defendants in his third amended

complaint.[4]  Plaintiff is not granted leave to amend to name inmate Clifton Freeman as a

defendant.

     In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

make plaintiff's third amended complaint complete.  Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading.  This requirement exists

because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

omitted)).  Once plaintiff files a third amended complaint, the original pleading no longer serves

any function in the case.  Therefore, in an amended complaint, as in an original complaint, each

claim and the involvement of each defendant must be sufficiently alleged.

V.  Notice re E-Filing

     Plaintiff has now filed two documents styled "affidavit" in which he objects that

Correctional Officer Johnson would not mail plaintiff's document to the court, but sent the

---

[4]  As discussed above, a plaintiff may properly assert multiple claims against a single defendant.
Fed. Rule Civ. P. 18.  Also, a plaintiff may join multiple defendants in one action where "any
right to relief is asserted against them jointly, severally, or in the alternative with respect to or
arising out of the same transaction, occurrence, or series of transactions and occurrences" and
"any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P.
20(a)(2).  Unrelated claims against different defendants must be pursued in separate lawsuits.  See
George, 507 F.3d at 607.  This rule is intended "not only to prevent the sort of morass [a multiple
claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing
fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals
that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."
George, 507 F.3d at 607.

document by E-filing.  (ECF Nos. 11, 15 at 18.)  Plaintiff is advised that court filings are a matter of public record, and therefore are not confidential.  Also, for those prisons using E-filing, prisoners are required to send court filings to court by way of the E-filing system.  Therefore, the correctional officer did nothing wrong by requiring plaintiff to submit his court filing through the E-filing system.  Plaintiff should refrain from filing such objections in the future.

VI.  Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's second amended complaint is dismissed.

2.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a.  The completed Notice of Amendment; and

b.  An original Third Amended Complaint.

Plaintiff's third amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Third Amended Complaint."

Failure to file a third amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  September 3, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/van0502.14n2

12

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

NGUYEN LUC VAN,                              No.  2:20-cv-0502 KJN P

12
              Plaintiff,

13
       v.                                    NOTICE OF AMENDMENT

14
GIVENS, et al.,

15
              Defendants.

16
17
18
       Plaintiff hereby submits the following document in compliance with the court's order

19
filed_____.

20
              _____          Third Amended Complaint
DATED:

21
22
                                       _____

23
                                       Plaintiff

24
25
26
27
28
                                            13